## EXHIBIT A

## AFFIDAVIT OF MICHAEL FOLEY

I, Michael Foley, being duly sworn, depose and state as follows:

1. I am a police officer with the Worcester, Massachusetts Police Department ("WPD") and a Task Force Officer ("TFO") with the United States Drug Enforcement Administration ("DEA"). I was deputized as a DEA TFO in 2011. I have been a police officer for the City of Worcester, Massachusetts since 2001. I am currently assigned to the Worcester High Intensity Drug Trafficking Area Task Force, Worcester, Massachusetts. Prior to my employment with the WPD, I worked at the Worcester County Sheriff's Office for over eight years, both as a Deputy Sheriff and ultimately as a Sergeant. In total, I have been a full-time, law enforcement officer for over 20 years.

2. During the course of my employment with the WPD and Worcester County Sheriff's Office, I have received over two thousand hours of law enforcement training including, but not limited to, specialized training in the investigation of drug trafficking, drug interdiction, street crimes, body language, confidential informant management, methods of narcotic concealment, manual and electronic drug hides, investigation of street-level narcotic investigations, current drug trends, advanced narcotic investigations, surveillance operations, and money laundering. The aforementioned training has included in-depth instruction on methods used to package, transport, store, and distribute narcotics, and methods used to conceal and launder the proceeds of narcotics trafficking.

3. In addition to my training, I have had extensive experience in the investigation of controlled substances. Since joining the WPD, I have participated in hundreds of narcotics investigations and arrests, both as a case agent and in subsidiary roles, relating to the distribution

of controlled substances. I have participated in various aspects of drug investigations including, but not limited to, working as an undercover, conducting surveillance, using confidential informants, executing arrest and search and seizure warrants, and conducting court-authorized electronic surveillance. Through my training and experience, I have become familiar with the ways in which illegal drugs are imported, transported, stored, and distributed; the methods of payment for such drugs; and methods used to conceal or launder the proceeds of drug trafficking. I have also become familiar with ways in which narcotics organizations utilize violence and intimidation to protect their drug operations, members, narcotics, and narcotics proceeds.

4. Based upon my training and experience, individuals who routinely are involved in drug distribution conspiracies often store narcotics and proceeds from narcotics distribution in vehicles, dwellings, financial institutions, and storage locations.

5. I submit this affidavit in support of a Complaint for Forfeiture *in Rem* against the following assets:

    a. $150,000 in United States currency, seized on January 29, 2014, from TD Bank safe deposit box number 1268, located at 295 Park Avenue, Worcester, Massachusetts and held in the name of Kheo K. Khuu (the "Currency"); and

    b. assorted jewelry, seized on January 29, 2014, from TD Bank safe deposit box number 1268, located at 295 Park Avenue, Worcester, Massachusetts and held in the name of Kheo K. Khuu (the "Jewelry")

(collectively, the "Defendant Properties").

6. This affidavit does not contain all the information known to me and other law enforcement officers regarding this investigation, but only those facts sufficient to establish probable cause for forfeiture of the Defendant Properties.

7. This affidavit is based upon my personal knowledge, as well as information provided to me by law enforcement personnel from the DEA and Worcester Police Department involved in the investigation and my review of records and reports relating to the investigation.

8. As set forth below, I have probable cause to believe that the Defendant Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they represent moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, or securities used or intended to be used to facilitate such a violation.

9. Further, I have probable cause to believe that the Defendant Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, or property traceable to such property.

## I. The Investigation

10. Beginning in May 2013, I, along with various other local law enforcement, including United States Postal Service Inspector John Stassi ("Inspector Stassi"), commenced an investigation into potential narcotics trafficking in Worcester, Massachusetts, run by Phong Tu ("Tu"), who was allegedly involved in sending money orders to California to pay for shipments of marijuana to Worcester, Massachusetts. Based on information we obtained, Tu sent shipments of marijuana from California to Worcester, Massachusetts, through the mail, UPS, and couriers in motor vehicles, and was selling approximately 70 to 100 pounds of marijuana per week in the Worcester area. We also discovered that Tu was potentially conducting his narcotics trafficking from his residence located at 418 Lovell Street, Worcester, Massachusetts ("Tu's

residence"). In connection with this investigation, on January 27, 2014, approximately 25 pounds of suspected marijuana was seized from Kevin Nguyen ("Nguyen"), who was identified in surveillance as being involved in the transportation of drug proceeds and distribution of narcotics, in addition to approximately 25 pounds of suspected marijuana and narcotics paraphilia, including a vacuum sealer and money counter, from Tu's residence. On January 29, 2015, we also seized the Defendant Properties in connection with our investigation.

11. On Monday, January 27, 2014, Inspector Stassi and I commenced surveillance at Tu's residence. At approximately 2:07 p.m., a silver Toyota Celica (the "Toyota"), bearing Rhode Island vehicle registration number 454474, turned into the driveway of Tu's residence. Inspector Stassi and I saw a young Asian male, later identified as Nguyen, get out of the driver's side of the Toyota, go to the trunk of the car, and open the trunk. Nguyen took out a flat cardboard box from the trunk and then proceeded to go to the back porch area of Tu's residence with the box. The box had the word "Fragile" printed in large black letters on the side. Shortly thereafter, Nguyen disappeared. Based on prior surveillance of the house, law enforcement officers were aware of the existence of a small back cellar door entrance to the house located in the back porch area of the house. A few minutes later, Nguyen emerged from the back porch area carrying two large black plastic trash bags, which he then placed in the trunk of the Toyota. Nguyen then got back in the Toyota and drove away.

12. Inspector Stassi and I followed the Toyota, during which time we saw Nguyen constantly checking his rear and side view mirrors and constantly looking all around as if he was doing counter-surveillance. As Nguyen was doing this, I saw him drift onto the wrong side of the road on Berkman Street in Worcester. In fact, I saw Nguyen drift so far onto the wrong side

of the road that an oncoming vehicle had to pull over and stop to allow him to proceed. I then requested a marked cruiser to conduct a traffic stop of the Toyota.

13. At approximately 2:33p.m., Worcester Police Department ("WPD") Officer Michael Higgins ("Officer Higgins") and WPD Officer Thomas Hurley ("Officer Hurley") conducted a traffic stop in front of 223 Highland Street in Worcester, and I remained in my vehicle while Officers Higgins and Hurley approached the Toyota. Upon approaching the Toyota, Officer Higgins noticed that Nguyen appeared nervous and was fidgety. Officer Higgins also noticed a strong odor of fresh marijuana emanating from the driver's side window as Nguyen lowered the window. Because of the strong odor, Officer Higgins conducted a visual scan of the interior of the vehicle, which was a two door hatchback, through the open driver's side window, and was able to see the contents of the backseat in plain view, including the trunk (hatchback) area. As Officer Higgins conducted his scan, he saw two large trash bags in the trunk area. The top of one of the bags appeared to be ripped open on the top of the bag, exposing a clear plastic bag that contained a green leafy matter. Officer Higgins then came back to me and provided me with his observations.

14. I then got out of my vehicle and approached the Toyota, and I noticed a strong odor of marijuana coming from the driver's side window which was rolled down. I saw through the hatchback window a large black trash bag that appeared to be ripped open at the top of the bag and a green leafy substance in a clear vacuum seal style plastic bag. The large trash bag was inches from the hatchback window. Based on my training and experience, I was aware that individuals who engage in the trafficking of large quantities of marijuana often use large vacuum sealed clear bags. Based on information received through surveillance and based on my training and experience, I suspected that the trash bag in the Toyota contained a large amount of

5

marijuana. After seeing the ripped trash bag, I asked Nguyen to get out of the vehicle, and I subsequently conducted a pat down frisk of Nguyen.

15. Immediately thereafter, we looked inside the ripped trash bag, which was filled with a large quantity of vacuum sealed clear bags, each filled with a green vegetable substance suspected to be marijuana. We also located a second trash bag in the trunk next to the ripped opened trash bag. The second bag contained additional clear vacuum sealed bags. The trash bags and the contents of both bags, which weighed approximately 25 pounds collectively and contained a total of 21 clear vacuum sealed bags, were transported to the WPD for further processing.

16. The contents of the trash bags were sent to the Commonwealth of Massachusetts University of Massachusetts Medical School Drugs of Abuse Laboratory for further analysis on January 28, 2014, and one of the 21 clear vacuum sealed bags was randomly selected for testing. The drug laboratory report identified that the bag contained a total of 455 grams of marijuana.

17. Nguyen was immediately placed under arrest and transported to the WPD. The Toyota was towed to the police station for further inspection. Nguyen was also issued a citation for the traffic violation and charged with Possession with Intent to Distribute Class D Controlled Substance. A plea hearing is scheduled to take place on June 22, 2015 at Worcester District Court.[1]

18. Immediately following the traffic stop, WPD Sergeant Early ("Sergeant Early"), Inspector Stassi, and other law enforcement officers went to Tu's residence, where Nguyen had picked up the trash bags, to prevent the potential destruction of what was believed to be evidence

---

[1] Nguyen has a prior criminal record. He was convicted of Disorderly Conduct in 2007 in Worcester District Court (Case Number: 0962CR006890A) and Larceny in 2011 in Taunton District Court (Case Number: 1131CR001027B).

of narcotics trafficking. When I arrived at 418 Lovell Street, Worcester, Massachusetts, I knocked on both the front and back doors to speak to the occupants, but no one responded. While there, we heard noises inside the house which sounded like someone was running around. However, when we forcibly entered the house to prevent the possible destruction of evidence, it was empty. We immediately applied for a search warrant to search Tu's residence that same evening, which was granted by the Clerk Magistrate Paul Johnson (Worcester District Court, Case Number 1462SW0045, January 27, 2014).

19. At approximately 7:00p.m., we executed the search warrant at Tu's residence. During the search, we found the following items: a) 25 pounds of a green leafy substance of suspected marijuana found in a box under the back porch area of the house; b) packaging materials; c) $85,850 in United States currency found in a Bank of America envelope; d) a Rolex watch and necklace with jade and diamond pendant; e) packaging paperwork; f) Tu's passport; g) a money counter; h) bank records; and i) vacuum sealer. Tu was present during the execution of the search warrant and was subsequently placed under arrest, and after a pat down frisk was conducted, DEA TFO Kellen Smith ("TFO Smith") found a safety deposit box key on Tu's person, which appeared to be from TD Bank. Based on my training and experience in other narcotics trafficking investigations, the key that was taken from Tu appeared to be similar to other TD Bank safety deposit box keys that I have observed being seized during the course of other investigations. The items seized from Tu's house were transported to the WPD for further processing. The bag containing the suspected marijuana was sent to the Commonwealth of Massachusetts University of Massachusetts Medical School Drugs of Abuse Laboratory for further analysis on January 28, 2014. The drug laboratory report identified that one of the vacuum sealed bags randomly selected for testing contained 224 grams of marijuana.

20. Tu was subsequently charged in Worcester District Court with Possession with Intent to Distribute Class D Controlled Substance. A plea hearing is scheduled to take place on June 22, 2015.

21. The bank records we obtained from Tu's residence included tax documents for Tu and Kheo Khuu ("Khuu"), Tu's suspected spouse and co-owner of Tu's residence.[2] The documents collected included Tu's 2011 and 2012 tax returns and Khuu's 2007, 2008, and 2011 tax returns. Based on a review of the tax returns, Tu's reported income was $18,680 in 2011 and $15,633 in 2012, and Khuu's reported income was $18,328 in 2007, $16,505 in 2008, and $26,129 in 2011.

22. Based on our observations during the execution of the search warrant of Tu's residence and the comingling of Tu's and Khuu's documents, including financial and banking documents, and based on my training and experience, it appeared as though Tu and Khuu lived jointly together at the house and were in some sort of intimate, significant relationship.

23. After discovering the safety deposit box key, I applied for another search warrant seeking banking and safety deposit box information at TD Bank to confirm that the key found was for a TD Bank safety deposit box and to obtain information regarding any additional safety deposit boxes owned by Tu. The search warrant was issued by Assistant Clerk Magistrate Brenda Sever (Worcester District Court, Case Number 1462SW0046, January 28, 2014). Upon execution of the search warrant, TD Bank officials informed me that the key belonged to safety box #2182 and that there was an additional safety deposit box in the name of Khuu (safety deposit box #1268). Based on my training and experience, individuals who engage in narcotics

---

[2] Based on information obtained from the Worcester Registry of Deeds, Tu's residence is currently owned by Vincent Nguyen and Khuu. The house was purchased by these two individuals in August 2010 for $10.00 in United States currency even though the assessed value of the residence was approximately $194,900.00.

trafficking will often hide proceeds in their residence or in safety deposit boxes as a way to conceal the proceeds from law enforcement. Additionally, based on my training and experience, individuals who engage in narcotics trafficking often hide narcotics proceeds by placing the proceeds in accounts or safety deposit boxes held in a third party name. After receiving this information, I applied for two additional search warrants – one for safety deposit box #1268 and another for safety deposit box #2182. Both search warrants were issued by Clerk Magistrate Michael Prosser (Worcester District Court, Case Numbers 1462SW0047, 1462SW0048, January 28, 2014).

24. On January 29, 2014, we executed the search warrants. When we opened safety deposit box #2182, we found ten individual heat sealed vacuum bags, which each contained a single money envelope, including Bank of America envelopes. We opened the envelopes and found $10,000 in United States currency in each envelope, totaling $100,000 in United States currency. The currency was placed in an evidence bag and transported to WPD for further processing. We also opened safety deposit box #1268 with the assistance of the TD Bank locksmith, and we found 15 heat sealed vacuum bags, which each contained a single envelope, identical to the bags and envelopes found in safety deposit box #2182. The envelopes also contained $10,000 in United States currency in each envelope, totaling $150,000 in United States currency (*i.e.*, the Currency). The safety deposit box also contained assorted jewelry valued over $60,000 (*i.e.*, the Jewelry), and paperwork that included jewelry certifications for jewelry not found in the safety deposit box.

25. The Currency and the Jewelry were also transported to WPD for further processing. On February 10, 2014, and February 11, 2014, fingerprint analysis was conducted on the Currency and items taken into evidence resulting from the execution of the search warrant

9

of Tu's residence. The report identified the fingerprints of Tu on the vacuum sealer found in Tu's residence, a Bank of America envelope which contained currency found in Tu's residence, and a Bank of America envelope which contained a portion of the Currency taken from Khuu's safety deposit box.

## CONCLUSION

26. Based upon the information set forth above, I have probable cause to believe that the Defendant Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they represent moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, or securities used or intended to be used to facilitate such a violation.

27. Further, I have probable cause to believe that the Defendant Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, or property traceable to such property.

Signed under the penalties of perjury this ___ day of June 2015.

_____
Michael J. Foley, Task Force Officer
United States Drug Enforcement Administration